## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 04 2020, 10:12 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

R. Patrick Magrath
Alcorn Sage Schwartz & Magrath, LLP
Madison, Indiana

ATTORNEY FOR APPELLEE

Jesse R. Drum
Supervising Deputy Attorney
General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jeremy Wall, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | June 4, 2020 <br><br> Court of Appeals Case No. 20A-CR-19 <br><br> Appeal from the Ripley Circuit Court <br><br> The Honorable Jeffrey Sharp, Special Judge <br><br> Trial Court Cause No. 69C01-1808-F2-2 |

**Mathias, Judge.**

[1] Jeremy Wall ("Wall") was convicted in Ripley Circuit Court of Level 2 felony dealing in methamphetamine and Level 6 felony resisting law enforcement. Wall was ordered to serve an aggregate twenty-two-year sentence in the Indiana

Department of Correction. Wall appeals and argues that his sentence is inappropriate in light of the nature of the offense and the character of the offender.

[2] We affirm.

## Facts and Procedural History

[3] On July 11, 2018, Indiana State Police Trooper Jordan Craig observed Wall driving a pick-up truck while Wall's driving privileges were suspended. The trooper told Wall he was not receiving a citation. Wall was very nervous during the encounter. Shortly thereafter, the trooper learned that Wall was using and dealing methamphetamine.

[4] On July 31, 2018, Trooper Craig saw Wall driving the same pick-up truck on a county road. When the trooper turned his vehicle around to follow him, Wall increased his speed. Trooper Craig turned on his emergency lights, but Wall did not stop. As he pursued Wall, the trooper saw Wall's passenger throw a black lockbox from the truck onto the street. The box broke open on impact and its contents, ten grams of methamphetamine, syringes, and other contraband, spilled out onto the street. Trooper Craig was unable to apprehend Wall on that date, and a warrant was issued for his arrest.

[5] Three days later, Trooper Craig learned that Wall was hiding in a trailer in Osgood, Indiana, and proceeded to that location to serve the arrest warrant. Wall refused to come out of the trailer's bathroom when law enforcement officers ordered him to exit the trailer after informing him that there was a

warrant for his arrest. Officers deployed a police canine to retrieve Wall, and he resisted arrest. After he was apprehended, Wall admitted that the methamphetamine, syringes, a controlled substance, and marijuana found in the trailer belonged to him. Wall also admitted to dealing in methamphetamine daily for thirty days prior to his arrest.[1]

[6] On August 6, 2018, Wall was charged with Level 2 felony dealing in methamphetamine, Level 4 felony dealing in methamphetamine, Level 6 felony resisting law enforcement, Level 6 felony maintaining a common nuisance, and Class A misdemeanor resisting law enforcement. The State also alleged that Wall was an habitual offender.

[7] On October 16, 2019, the State and Wall entered into a plea agreement. Wall agreed to plead guilty to Level 2 felony dealing in methamphetamine and Level 6 felony resisting law enforcement in exchange for dismissal of the remaining charges, including the habitual offender enhancement. The State and Wall agreed that his aggregate sentence would not exceed twenty-five years. Wall's sentencing hearing was held on November 13, 2019, after which the trial court took sentencing under advisement.

[8] On December 4, 2019, the trial court issued a written sentencing order thoroughly explaining its reasons for imposing an aggregate twenty-two-year sentence. The trial court considered Wall's criminal history and that the

---

[1] Wall filed a motion to suppress his confession, which the trial court denied on May 1, 2019.

offenses were committed while he was on probation as significant aggravating circumstances. The trial court also considered as aggravating that Wall was a "significant source of methamphetamine" in Ripley County. The trial court noted that Wall is highly likely to reoffend. The court considered Wall's guilty plea and cooperation with law enforcement after his arrest as mitigating circumstances. After concluding that the aggravating circumstances outweighed the mitigating circumstances, the trial court ordered Wall to serve concurrent terms of twenty-two years for the dealing methamphetamine conviction and 910 days for the resisting law enforcement conviction.

[9] Wall now appeals.

## Discussion and Decision

[10] Pursuant to Indiana Appellate Rule 7(B), "[t]he Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." We must exercise deference to a trial court's sentencing decision because Rule 7(B) requires us to give due consideration to that decision, and we understand and recognize the unique perspective a trial court brings to its sentencing decisions. *Rose v. State*, 36 N.E.3d 1055, 1063 (Ind. Ct. App. 2015). "Such deference should prevail unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015).

[11] The determination of whether we regard a sentence as inappropriate "turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Bethea v. State*, 983 N.E.2d 1134, 1145 (Ind. 2013) (quoting *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008)). The appropriate question is not whether another sentence is more appropriate, but whether the sentence imposed is inappropriate. *Rose*, 36 N.E.3d at 1063.

[12] Although we have the power to review and revise sentences, the principal role of appellate review should be to attempt to "leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell*, 895 N.E.2d at 1225. Our review under Rule 7(B) should focus on "the forest—the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." *Id.* And it is the defendant's burden on appeal to persuade us that the sentence imposed by the trial court is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[13] Wall was ordered to serve twenty-two years for his Level 2 felony dealing in methamphetamine conviction. A person convicted of a Level 2 felony "shall be imprisoned for a fixed term of between ten (10) and thirty (30) years, with the advisory sentence being seventeen and one-half (17 ½) years." Ind. Code § 35-50-2-4.5. He was ordered to serve a concurrent term of 910 days for his Level 6 felony resisting law enforcement conviction. A person convicted of a Level 6

felony "shall be imprisoned for a fixed term of between six (6) months and two and one-half (2 ½) years, with the advisory sentence being one (1) year." I.C. § 35-50-2-7. Wall's twenty-two-year aggregate sentence is three years less than the twenty-five-year cap bargained for in his plea agreement.[2]

[14] Considering the nature of his offenses, Wall argues that he did not harm any person in the commission of his offenses, admitted that the contraband found belonged to him, and confessed to dealing methamphetamine. Wall rightly observes that his offenses could have been more severe. However, during the commission of his offenses, he fled from law enforcement, hid for three days until his location was discovered, and law enforcement had to deploy a K9 to extract him from his hiding place. He cooperated with law enforcement only after he was forcibly arrested.

[15] With regard to the character of the offender, Wall argues that his poor childhood, guilty plea, cooperation with law enforcement, and drug abuse warrant a downward revision of his sentence. Wall agreed to plead guilty after his motion to suppress his confession to dealing in methamphetamine was denied. And in exchange for his guilty plea, the State agreed to dismiss the habitual offender allegation. Wall's cooperation with law enforcement and

---

[2] In his brief, Wall argues that his sentence should be reduced to seventeen and one-half years with seven and one-half years suspended to probation. At the sentencing hearing, Wall argued that the trial court should impose a twenty-year sentence. Tr. p. 161.

subsequent apology to the officer from whom he fled reflects well on his character.

[16] But we must balance Wall's cooperation and remorse against thirty-six-year-old Wall's criminal history. Wall's prior offenses consist of a juvenile adjudication and convictions for Class D felony theft, two Class D felony residential entry convictions, Class D felony operating a vehicle while intoxicated, a conviction in Kansas for felony criminal threat, Class D felony possession of methamphetamine, two misdemeanor battery convictions, and several misdemeanor convictions for alcohol-related offenses. In 2015, Wall was convicted of Level 5 felony battery resulting in serious bodily injury and with being an habitual offender.

[17] Wall was on probation for the battery offense when he committed the offenses at issue in this appeal. As the trial court noted, Wall's "criminal convictions have escalated from misdemeanor offenses . . . to low-level felony convictions such as theft, residential entry and possession of methamphetamine to the current dealing in methamphetamine conviction. The system appropriately responded with probation and short periods of incarceration followed by an extended period of incarceration in 2015, yet Defendant continues to choose this path." Appellant's App. pp. 121–22.

## Conclusion

[18] After considering the nature of the offense and his character, Wall has not met his burden of persuading us that his sentence is an outlier that warrants

revision. For all of these reasons, we conclude that Wall's twenty-two-year aggregate sentence is not inappropriate in light of the nature of the offense and the character of the offender.

[19]    Affirmed.


Riley, J., and Tavitas, J., concur.